IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.  14-cv-00031-WYD

JAMIE L. BERTRAM,

    Plaintiff,

v.

CAROLYN W. COLVIN, Commissioner of Social Security,

    Defendant.

## ORDER

THIS MATTER is before the Court on the Joint Stipulation for EAJA fees filed by the parties on June 23, 2015.  The Court, having reviewed the motion and being fully advised in the premises,

ORDERS that the Joint Stipulation for EAJA Fees is **APPROVED**.  In accordance therewith, IT IS HEREBY ORDERED:

1. Defendant will pay Plaintiff a total of $5,875.00 in fees under the Equal Access to Justice Act ["EAJA"], 28 U.S.C. § 2412 *et seq*.  This amount is payable to Plaintiff, not directly to her counsel.  Payment shall be sent to the office of Plaintiff's attorney: Patrick C.H. Spencer, II, Esq.; Spencer & Spencer, P.C.; 830 Tenderfoot Hill Road, Suite 320; Colorado Springs, CO 80906.

2. If, after receiving the Court's EAJA fee order, the Commissioner determines that Plaintiff has assigned her right to EAJA fees to her attorney and that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program,

then the Commissioner will agree to waive the requirements of the Anti-Assignment Act (31 U.S.C. § 3727(b)), and the EAJA fees will be made payable to Plaintiff's attorney. However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney.

3. Defendant's payment of this amount bars any and all claims Plaintiff may have relating to EAJA fees and expenses in connection with this action.

4. Defendant's payment of this amount is without prejudice to Plaintiff's counsels' right to seek attorney fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.

5. This Order will not be used as precedent in any future cases, and should not be construed as a concession that the Commissioner's administrative decision denying benefits to Plaintiff was not substantially justified.

Dated: June 25, 2015

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge